12091/78709 (BDB)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LANDMARK AMERICAN ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| vs. ) | |
| ) | |
| M.J. EDWARDS & SONS FUNERAL ) | |
| HOME INC. d/b/a M.J. EDWARDS ) | |
| FUNERAL HOME; M.J. EDWARDS- ) | |
| WHITEHAVEN FUNERAL ) | |
| CHAPEL, INC. D/B/A M.J. ) | |
| EDWARDS/WHITEHAVEN ) | |
| FUNERAL CHAPEL; and ) | |
| M.J. EDWARDS HILLSIDE ) | |
| CHAPEL, INC. d/b/a M. J. Edwards ) | |
| STAGE ROAD CHAPEL, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Landmark American Insurance Company ("Landmark"), and as its Complaint for Declaratory Judgment against Defendants, M.J. Edwards & Sons Funeral Home, Inc. d/b/a M.J. Edwards Funeral Home, M.J. Edwards-Whitehaven Funeral Chapel, Inc. d/b/a M.J. Edwards/Whitehaven Funeral Chapel, and M.J. Edwards Hillside Chapel, Inc. d/b/a M.J. Edwards Stage Road Chapel (collectively, "M.J. Edwards Defendants"), states as follows:

### INTRODUCTION

1.  This is a claim for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

12091/78709 (BDB)

2. Landmark issued successive Commercial General Liability Policies to named insured Wilson Financial Group, Inc. under policy numbers LHA106213, LHA106814, LHA107436, LHA107976, LHA108532, LHA109094, LHA109615, and LHA110167, effective from July 10, 2008 to May 1, 2016, with limits of $1 million per occurrence and $2 million general aggregate ("the Primary Landmark Policies"). The Primary Landmark Policies are attached hereto as **Exhibit A-H**.

3. Named insured Wilson Financial Group, Inc. is the parent corporation of the M.J. Edwards Defendants. Together, these entities own and operate a chain of funeral homes, crematories, and cemeteries. The M.J. Edwards Defendants are insureds under the Primary Landmark Policies.

4. Six lawsuits are presently pending against the M.J. Edwards Defendants in Tennessee Circuit Court:

*Wofford, et al. v. M.J. Edwards & Sons Funeral Home, Inc., et al.*
*Anderson, et al. v. M.J. Edwards & Sons Funeral Home, Inc., et al.*
*Williams, et al. v. M.J. Edwards & Sons Funeral Home, Inc., et al.*
*Hayslett v. M.J. Edwards & Sons Funeral Home, Inc., et al.*
*Stevens v. M.J. Edwards & Sons Funeral Home, Inc., et al.*
*Marshall v. M.J. Edwards & Sons Funeral Home, Inc., et al.*

("*Galilee* Lawsuits"). The operative pleadings in the *Galilee* Lawsuits are attached hereto as **Exhibits I-N**.

5. The *Galilee* Lawsuits arise from the alleged mishandling of human remains at an unlicensed cemetery in Memphis, Tennessee, Galilee Memorial Gardens ("Galilee"). The underlying plaintiffs claim that Galilee stacked, crushed, mishandled, lost, misplaced, and desecrated human remains. The underlying plaintiffs filed suit against Galilee, as well as all funeral homes that contracted with the underlying plaintiffs

12091/78709 (BDB)

for the disposition and burial of remains that were ultimately interred at Galilee, including the M.J. Edwards Defendants.

6. The M.J. Edwards Defendants tendered the defense and indemnity of the *Galilee* Lawsuits to Landmark under the Primary Landmark Policies.

7. Landmark accepted the defense of the *Galilee* Lawsuits subject to a full reservation of rights and pursuant to the terms of the Primary Landmark Policies.

8. The parties disagree as to the proper application of the Self-Insured Retention which applies to the Primary Landmark Policies. This dispute affects allocation of defense costs for the *Galilee* Lawsuits, as well as the parties' responsibilities with respect to indemnity. Therefore, there is an actual, present and bona fide controversy among the parties concerning the proper application of the Primary Landmark Policies' Self-Insured Retention to the *Galilee* Lawsuits.

9. Through this lawsuit, Plaintiff seeks a declaration that pursuant to the terms, conditions, limitations and exclusions in the Primary Landmark Policies, a separate $100,000 Self-Insured Retention ("SIR") applies to each decedent for which a claim has been made in the *Galilee* Lawsuits.

## THE PARTIES

9. Plaintiff Landmark is an Oklahoma corporation with its principal place of business in Alpharetta, Georgia.

10. Defendant M.J. Edwards & Sons Funeral Home, Inc. d/b/a M.J. Edwards Funeral Home is a Tennessee corporation with its principal place of business in Nashville, Tennessee.

12091/78709 (BDB)

11. Defendant M.J. Edwards-Whitehaven Funeral Chapel, Inc. d/b/a M.J. Edwards/Whitehaven Funeral Chapel is a Tennessee corporation with its principal place of business in Memphis, Tennessee.

12. Defendant M.J. Edwards Hillside Chapel, Inc. d/b/a M.J. Edwards Stage Road Chapel is a Tennessee corporation with its principal place of business in Memphis, Tennessee.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000.

14. This Court has personal jurisdiction over Defendant M.J. Edwards & Sons Funeral Home, Inc. d/b/a M.J. Edwards Funeral Home because it conducts business in Tennessee and its principal place of business is located in Tennessee.

15. This Court has personal jurisdiction over Defendant M.J. Edwards-Whitehaven Funeral Chapel, Inc. d/b/a M.J. Edwards/Whitehaven Funeral Chapel because it conducts business in Tennessee and its principal place of business is located in Tennessee.

16. This Court has personal jurisdiction over Defendant M.J. Edwards Hillside Chapel, Inc. d/b/a M.J. Edwards Stage Road Chapel because it conducts business in Tennessee and its principal place of business is located in Tennessee.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.

## BACKGROUND

12091/78709 (BDB)

18. On February 9, 2014, Akilah Louise Wofford filed a class action lawsuit in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis, assigned Case No. CH-14-0197, on behalf of herself and all similarly situated persons, against the M.J. Edwards Defendants, among others, relating to the mishandling of human remains at Galilee ("Wofford Suit").  The First Amended Class Action Complaint in the *Wofford* Suit was filed on March 3, 2014, the Second Amended Class Action Complaint was filed on April 11, 2014, and the Third Amended Class Action Complaint was filed on November 10, 2014.  The Third Amended Class Action Complaint in the *Wofford* Suit is attached hereto as **Exhibit I**.

19. On February 24, 2014, Derrick Anderson filed a class action lawsuit in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, Case No. CT-000873-14, individually and on behalf of all similarly situated persons against the M.J. Edwards Defendants, among others, relating to the mishandling of human remains at Galilee ("Anderson Suit").  The First Amended Class Action Complaint in the *Anderson* Suit was filed on April 2, 2014, the Second Amended Class Action Complaint was filed on October 7, 2014, and the Third Amended Class Action Complaint was filed on January 23, 2015.  The Third Amended Class Action Complaint in the *Anderson* Suit is attached hereto as **Exhibit J**.

20. On July 18, 2014, Erica Williams, Elijah Partee, Anthony Thomas, Shona Crockett, Wanda Crosby, Kimberly Crockett, Troy Wilson, Trey Wilson, and Dorranzo Harris filed suit in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, Case No. CT-003142-14, against M.J. Edwards & Sons Funeral Home, Inc.,

12091/78709 (BDB)

among others, relating to the mishandling of human remains at Galilee ("Williams Suit"). The Complaint in the *Williams* Suit is attached hereto as **Exhibit K**.

21.     On August 15, 2014, Shirley Hayslett filed suit in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, Case No. CT-003524-14, against M.J. Edwards & Sons Funeral Home, Inc., among others, relating to the mishandling of human remains at Galilee ("Hayslett Suit"). The Complaint in the *Hayslett* Suit is attached hereto as **Exhibit L**.

22.     On December 9, 2014, Jimmie H. Stevens filed a class action lawsuit in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis, Case No. CH-14-1772, individually and on behalf of all similarly situated persons against the M.J. Edwards Defendants, among others, relating to the mishandling of human remains at Galilee ("Stevens Suit").  The First Amended Class Action Complaint in the *Stevens* Suit was filed on January 23, 2015, and is attached hereto as **Exhibit M**.

23.     On January 23, 2015, Brittany Marshall, Debra Daniels, Janice Tate, Becky Eckles, Kortney Keith Hullom, Patricia Guy, A/K/A Patricia Gibson, and Mary Taylor filed suit in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, Case No. CT-000342-15, against M.J. Edwards & Sons Funeral Home, Inc., among others, relating to the mishandling of human remains at Galilee ("Marshall Suit"). The Complaint in the *Marshall* Suit is attached hereto as **Exhibit N**.

24.     The M.J. Edwards Defendants tendered the defense and indemnity of the *Galilee* Lawsuits to Landmark under the Primary Landmark Policies.  Landmark

12091/78709 (BDB)

accepted the defense of the *Galilee* Lawsuits subject to a full reservation of rights and pursuant to the terms of the Policies.

25. This lawsuit arises out of a dispute between the parties as to the proper application of the Self-Insured Retention which applies to the Primary Landmark Policies.

26. The Primary Landmark Policies were issued to named insured Wilson Financial Group, Inc. at the following mailing address: 1929 Allen Parkway, Houston, TX 77019. *See*, **Ex. A-H**. Wilson Financial Group, Inc.'s primary place of business is Texas. The Primary Landmark Policies contain Texas-specific language, including a Texas Surplus Lines Disclosure Notice (RSG 99031 0409), Texas Changes – Cancellation and Nonrenewal Provisions for Casualty Lines and Commercial Package Policies (IL 02 75 09 07), Service of Suit (TEXAS) (RSG 92009 0604). *See*, **Ex. A-H**. Additionally, the Primary Landmark Policies advise the insured to contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints (RSG 99014 0407). *See*, **Ex. A-H**.

27. Landmark American Insurance Company seeks a declaration that each decedent at issue in the *Galilee* Lawsuits requires one $100,000 "retained limit" to be exhausted before Landmark incurs any obligations to the M.J. Edwards Defendants with respect to claims relating to that decedent.

## COUNT I:  DECLARATORY JUDGMENT

28. This paragraph incorporates and re-alleges the preceding paragraphs 1 through 27 as if fully stated and set forth herein.

29. Section I (Coverages) of the Primary Landmark Policies provides in relevant part:

12091/78709 (BDB)

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. ***

    b. This insurance applies to "bodily injury" and "property damage only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
    **(2)** The "bodily injury" or "property damage" occurs during the policy period;
    **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by an insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

    d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when an insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

12091/78709 (BDB)

       (1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
       (2)    Receives a written or verbal demand because of "bodily injury" or "property damage"; or
       (3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

*See*, **Ex. A-H**.

30.    The Primary Landmark Policies define "occurrence" as follows:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*See*, **Ex. A-H**.

31.    The Primary Landmark Policies contain a Funeral Directors And Morticians Endorsement ("the Morticians Endorsement") which augments the definition of "occurrence" as follows:

1. The following is added to paragraph 1.a of Coverage A under COVERAGES (SECTION 1):

    "Bodily Injury" or "property damage" arising out of the rendering or failure to render professional services as owner or operator of a Funeral Home and Mortician shall be deemed to be caused by and [sic] "occurrence."

    For the purpose of determining the limits for the insurance provided by this endorsement, any act or omission together with all related acts or omissions in the furnishing of these services for any one deceased person will be considered one "occurrence."

*See*, **Ex. A-H**.

32.    Section III (Limits of Insurance) of the Landmark Primary Policies provide in relevant part:

**1.**    The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

12091/78709 (BDB)

    a.  Insureds;
    b.  Claims made or "suits" brought; or
    c.  Persons or organizations making claims or bringing "suits"

2.    The General Aggregate Limit is the most we will pay for the sum of:

    a.  Medical expenses under Coverage **C**;
    b.  Damages under Coverage **A**, except damages because of "bodlily injury" or "property damage" included in the "products-completed operations hazard" and
    c.  Damages under Coverage **B**.

*See*, **Ex. A-H**.

33.    The declarations to the Primary Landmark Policies state the Limits of Insurance to be $1,000,000 "each occurrence", with a General Aggregate Limit of $2,000,000. *See*, **Ex. A-H**.

34.    To the extent the *Galilee* Lawsuits allege an "occurrence" resulting in "bodily injury" or "property damage" against the M.J. Edwards Defendants, one limit of $1,000,000 will apply to each "occurrence" alleged, subject to the General Aggregate Limit of $2,000,000.

35.    The Primary Landmark Policies contain a "Self Insured Retention" endorsement ("the SIR Endorsement"), which alters the insuring agreement for Coverages A and B as follows:

> Our obligations under **COVERAGES A AND B** apply in excess of, and only to that amount of damage or "loss adjustment expense(s)" in excess of the "retained limit", subject to LIMITS OF INSURANCE stated in the Declarations and **SECTION III – LIMITS OF INSURANCE** and subject to the terms, exceptions, limitations and conditions of the policy and any endorsements thereto. \*\*\*

*See*, **Ex. A-H**.

36.    The SIR Endorsement defines "retained limit" and "loss adjustment expense(s)" as:

12091/78709 (BDB)

> "Retained limit" means the amount shown below which must be paid solely by an insured, whether the named insured, a defined insured or an additional insured, before we are obligated to make any payments. The insured may pay sums in excess of this amount subject to the provisions of item **C.** below.
>
> "Loss adjustment expense(s)" shall mean all items provided for in **SECTION I – COVERAGES SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**. and any expenses incurred in the investigation, settlement or defense of a claim or "suit" to which this insurance applies, other than loss of earnings, expenses and costs incurred for salaries and expenses of an insured's officers, directors, staff, attorneys, risk manager, staff adjusters, "employees" or independent consultants or contractors performing staff functions.

*See*, **Ex. A-H**.

37.     The SIR Endorsement provides, in pertinent part, as follows:

### "Retained Limit"

Each Occurrence:  $100,000.00

Aggregate for all occurrences during the POLICY PERIOD:  $ N/A

*See*, **Ex. A-H**.

38.     Pursuant to the terms and conditions of the Landmark Primary Policies, each decedent at issue in the *Galilee* Lawsuits requires one $100,000 "retained limit" to be exhausted before Landmark incurs any obligations to the M.J. Edwards Defendants with respect to claims relating to that decedent.

WHEREFORE, Landmark American Insurance Company seeks a declaration that each decedent at issue in the *Galilee* Lawsuits requires one $100,000 "retained limit" to be exhausted before Landmark incurs any obligations to the M.J. Edwards Defendants with respect to claims relating to that decedent, and for any other relief that the Court deems just.

Respectfully submitted, this 9th day of October, 2015.

12091/78709 (BDB)

        RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: /s/ Bradford D. Box
    BRADFORD D. BOX, BPR #016596
    Attorney for Landmark American
    Insurance Company
    209 East Main Street
    P. O. Box 1147
    Jackson, TN  38302-1147
    (731) 423-2414