UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) NO.: 2:15-CV-02678-STA-cgc ) |
| M.J. EDWARDS & SONS FUNERAL HOME, INC.; M.J. EDWARDS-WHITEHAVEN FUNERAL CHAPEL; M.J. EDWARDS HILLSIDE CHAPEL, INC. | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER DENYING MOTION TO INTERVENE

Before the Court is the motion of the Certified Class in the Chancery Court of Shelby County, Tennessee, Docket No. CH-14-0197-2, ("the Wofford Class") to intervene in this declaratory action. (ECF No. 32.) Defendants M. J. Edwards & Sons Funeral Home, Inc., M. J. Edwards-Whitehaven Funeral Chapel, and M. J. Edwards Hillside Chapel, Inc., ("M.J. Edwards Defendants") do not oppose the motion. (Mot., Cert. of Conslt. p. 15, ECF No. 32.) Plaintiff Landmark American Insurance Company ("Landmark") does oppose the motion and has filed a response in opposition. (ECF No. 34) For the reasons set forth below, the motion to intervene is **DENIED**.

Under Rule 24 of the Federal Rules of Civil Procedure, a non-party may move to intervene in a civil action. The rule provides for two types of intervention: (1) intervention of right, which requires that the Court allow a non-party to intervene, and (2) permissive intervention, which is granted at the Court's discretion. Rule 24 is to be construed broadly in

favor of intervention.[1] The Wofford Class seeks intervention under both subsections in the alternative.

Intervention of right is governed by Rule 24(a). Under the Rule, the "court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[2] The Rule requires an applicant to show that: (1) the application was timely filed; (2) the applicant possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the applicant's interest.[3] Each of these elements is mandatory, and, therefore, failure to satisfy any one of the elements will defeat intervention.[4]

Rule 24(b) governs permissive intervention, providing in pertinent part: "On timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact."[5] The decision to permit intervention under Rule 24(b) falls within the sound discretion of the trial court.[6]

---

[1] *Stupak–Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (citing *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991)).

[2] Fed. R. Civ. P. 24(a)(2).

[3] *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999).

[4] *See United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (citing *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)). *See also Reliastar Life Ins. Co. v. MKP Invs.*, 565 Fed. App'x 369, 371 (6th Cir. 2014).

[5] Fed. R. Civ. P. 24(b).

[6] *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 784 (6th Cir. 2007) (citations omitted).

The M.J. Edwards Defendants have been sued in six lawsuits that are pending in state court: (1) *Wofford, et al. v. M.J. Edwards & Sons Funeral Home, Inc., et al.*; (2) *Anderson, et al. v. M.J. Edwards & Sons Funeral Home, Inc., et al.*; (3) *Williams, et al. v. M.J. Edwards & Sons Funeral Home, Inc., et al.*; (4) *Hayslett v. M.J. Edwards & Sons Funeral Home, Inc., et al.*; (5) *Stevens v. M.J. Edwards & Sons Funeral Home, Inc., et al.*; and (6) *Marshall v. M.J. Edwards & Sons Funeral Home, Inc., et al.* (the "Galilee Lawsuits").[7] These lawsuits arise from the alleged mishandling of human remains at Galilee Memorial Gardens ("Galilee"), an unlicensed cemetery in Memphis, Tennessee. The Wofford Class represents all individuals who are or were next of kin of any decedent delivered to Galilee for burial from January 1, 2011, through January 31, 2014, and all persons or entities who were parties to any contract with any defendant regarding funeral arrangements for a decedent who was delivered to Galilee for burial from January 1, 2011, through January 31, 2014. The Wofford Class filed suit against Galilee and the M.J. Edwards Defendants and various other funeral homes that contracted for the disposition and burial of remains that were ultimately interred at Galilee.[8]

The M.J. Edwards Defendants are insureds under a series of Commercial General Liability Policies (the "Primary Landmark Policies") issued by Landmark. The M.J. Edwards Defendants tendered their defense of the Galilee Lawsuits to Landmark under the Primary Landmark Policies. Landmark accepted the defense of the Galilee Lawsuits subject to a full reservation of rights and pursuant to the terms and conditions of the Primary Landmark Policies, including the terms and conditions of all endorsements to the Primary Landmark Policies.[9]

---

[7] (Cmplt Exhibits 13 – 18, ECF No. 1.)

[8] (*Id.*)

[9] (Cmplt, ECF No. 1.)

Landmark brought this declaratory judgment regarding the application of the Self-Insured Retention ("SIR") provision included within the Primary Landmark Policies and seeking a declaration that each decedent at issue in the Galilee Lawsuits requires one $100,000 "retained limit" to be exhausted before Landmark incurs any obligations to the M.J. Edwards Defendants with respect to claims relating to that decedent.[10] The M.J. Edwards Defendants are requesting that the Court find that Landmark is obligated to pay their defense costs in excess of the "retained limit" they believe to be applicable to the Galilee Lawsuits.[11]

Landmark contends that the Wofford Class has not satisfied the requirements of Rule 24(a) for intervention of right. Landmark does not contest that the motion to intervene was timely filed. However, Landmark does assert that the Wofford Class has not established the next three requirements for intervention of right: the applicant possesses a substantial legal interest in the case; the applicant's ability to protect its interest will be impaired without intervention; and the existing parties will not adequately represent the applicant's interest.[12]

Concerning the requirement of a substantial legal interest in the subject matter of the action, the Wofford Class asserts that it has a substantial legal interest in this action because it is seeking significant financial judgments against the M.J. Edwards Defendants in state court that would fall within the scope of the insurance coverage at issue in this Court. The Wofford Class reasons that it has a "legally protectable interest in this litigation" because this Court's interpretation of the policy and its terms "could significantly limit the total amount of coverage applicable to the M.J. Edwards Defendants" which would result in fewer assets "to satisfy any

---

[10] (Id.)

[11] (Ans. & C'Cl., ECF No. 27.)

[12] *Grutter*, 188 F.3d at 397–98.

potential judgment."[13]  According to the Wofford Class, it is the duty of its counsel to preserve assets to satisfy any potential judgment.[14]

Contrary to the Wofford Class's reasoning, its interest in being able to reach the insurance proceeds of the Primary Landmark Policies in the event that it obtains a judgment against the M.J. Edwards Defendants in the state court lawsuit is not a "substantial legal interest" within the meaning of Rule 24(a). Although the Sixth Circuit "has opted for a rather expansive notion of the interest sufficient to invoke intervention of right,"[15] this does not mean that any stated interest will do.[16] "An applicant is not due intervention as a matter of right [when] the applicant seeks only to protect the assets of a party to the litigation in order to ensure that its own contingent claims to those assets remain valuable in the future."[17]

Here, the Wofford Class cannot establish a substantial legal interest. This is an action for a declaration of rights under an insurance contract between Lankmark and the M.J. Edwards Defendants. The Wofford Class is not a party to that contract and has no legal right to contend

---

[13] (Mot. p. 10, ECF No. 32.)

[14] (*Id.*)

[15] *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

[16] *See, e.g., Stupak–Thrall,* 226 F.3d at 472 ("[T]his does not mean that Rule 24 poses no barrier to intervention at all.").

[17] *Reliastar Life Ins. Co.*, 565 Fed. App'x at 372 (6th Cir. 2014) (holding that a creditor could not intervene as a matter of right in insurer's declaratory judgment action merely to protect the assets of a party to that litigation which owed a debt to it). *See also Trinity Universal Ins. Co. v. Turner Funeral Home*, 2003 WL 25269317 (E.D. Tenn. Sept. 18, 2003). In *Trinity*, as in the present case, the proposed intervenors were representatives of deceased loved ones who sued the funeral home for claims arising from the improper disposal of human remains at an allegedly unlicensed crematory. The proposed intervenors sought to intervene in the declaratory judgement actions in which insurance companies were seeking a determination that they were not liable to Turner with respect to Turner's association with the crematory. The *Trinity* Court denied intervention because "the potential intervenors lacked a "significantly protectable interest" as their claims in the underlying action were all potential or contingent claims." *Id.* at 7.

for or against coverage. The only interest of the Wofford Class is in insurance benefits that may be used to satisfy any potential judgment it obtains against the defendants in its state court lawsuit. Without a state court judgment, the interest of the Wofford Class is too contingent to support intervention as a matter of right. Because the Wofford Class has failed to satisfy one element of intervention as a matter of right, it is unnecessary to address the remaining elements.[18]

However, the Court notes that the ability of the Wofford Class to protect its interest will not be impaired without intervention.[19] Any evidence relevant to the interpretation of the insurance contract at issue will be produced by the M.J. Edwards Defendants and Landmark, and any arguments that the Wofford Class might make would be duplicative of the arguments made by Landmark and/or the M.J. Edwards Defendants.[20]

Additionally, Landmark and the M.J. Edwards Defendants will adequately represent any potential interest of the Wofford Class in this litigation. The Wofford Class seeks to protect its economic interests in the M.J. Edwards Defendants' pool of assets. The Court has been presented with no reason to believe that the M.J. Edwards Defendants will not vigorously protect its own assets. Furthermore, the Wofford Class is already protecting its own interests regarding the M.J. Edwards Defendants' liability for the claims asserted against them in the state court action. Applicants for intervention must overcome the presumption of adequate representation

---

[18] *See Penn–Star Ins. Co. v. Paradise, Inc.*, 2015 WL 5321521 * 2 (E.D. Ky. Sept. 11, 2015).

[19] *Grutter,* 188 F.3d at 397–98.

[20] *See Trinity Universal Ins. Co*, 2003 WL 25269317 *7-8 ("[T]he relevant evidence in this case is in the hands of the original parties to the litigation, the insurers and the insured. Thus, any arguments made by the Movants, however vigorous, would essentially be duplicative of the arguments made by the original parties to these consolidated declaratory judgment actions. Furthermore, as the task before the court in this/these action(s) is one of contract interpretation, the Court will not necessarily be assisted in the performance of such task by duplicative or repetitive arguments on the issue.")

that arises when they share the same ultimate objective as a party to the suit, and the Wofford Class has not overcome this presumption.[21] Accordingly, the portion of the motion of the Wofford Class seeking to intervene in this matter of right is denied.[22]

The Wofford Class also seeks permission to intervene under Rule 24(b) of the Federal Rules of Civil Procedure which allows the Court to "permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."[23] An applicant for permissive intervention, therefore, must prove that the motion for intervention is timely, there is at least one common question of law or fact, and the balancing of undue delay, prejudice to the original parties, and any other relevant factors favors intervention.[24]

The Wofford Class cannot demonstrate that it has an independent ground for subject matter jurisdiction. It was not a party to the insurance contract nor does it have a substantial legal interest in the subject matter of this declaratory judgment action as discussed above. The Wofford Class has not presented a claim or defense that has a question of law or fact common to both the state court lawsuit and this declaratory judgment action. Instead, its request to intervene in this action is based solely on its potential interest in the proceeds of the Primary Landmark

---

[21] *See Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987).

[22] *See Reliastar*, 565 Fed. App'x at 373 (A potential intervenor "'fails to meet his burden of demonstrating inadequate representation' if he cannot show 'collusion … between the representatives and an opposing party,' pursuit by the representative of an interest adverse to the interests of the proposed intervenor, or a representative's failure 'in the fulfillment of his duty.'").

[23] Fed. R. Civ. P 24(b).

[24] *See Michigan State AFL-CIO*, 103 F.3d at 1248.

Policies.²⁵ And, finally, allowing the Wofford Class to intervene would unduly complicate and delay this action.²⁶ Because the Wofford Class has failed to meet the requirements of permissive intervention, the portion of the motion seeking intervention under Rule 24(b) is denied.

In the alternative, the Wofford Class asks to be allowed to be included on the docket sheet as an interested party in order to monitor the proceedings.²⁷ Although Landmark objects to this request, neither Landmark nor the M.J. Edwards Defendants will be prejudiced if the Wofford Class is allowed to receive notifications of future filings. Therefore, the request is granted.

In summary, the Wofford Class has not shown that it is entitled to either intervention of right or permissive intervention. Therefore, the motion to intervene (ECF No. 32) is **DENIED**. However, the Court will allow the Wofford Class to remain on the Court's ECF distribution list.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 28, 2016.

---

²⁵ *See Reliastar*, 565 Fed. App'x at 374-75 (A request to intervene based solely on the movant's interests in the proceeds of insurance policies does not state a common question of law or fact.)

²⁶ *See Redland Ins. Co. v. Chillingsworth Venture, Ltd.,* 171 F.R.D. 206 (N.D. Ohio 1997) ("The present action seeks nothing more than a determination of whether or not Redland has an obligation to defendant and indemnify Chillingsworth and Stults. Allowing movants to intervene would only serve to complicate and delay this litigation. The movants were not parties to the insurance contract issued by Redland to Chillingsworth and they were not involved in the application process. Therefore, the Court finds that intervention can only complicate and delay the declaratory judgment process.")

²⁷ The Wofford Class and its attorney are already listed on the docket sheet as a result of filing this motion.